**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 1:13-cv-2415

WILLIAM EVANS; and
JEFFREY THAYER

      Plaintiffs,

v.

LOVELAND AUTOMOTIVE INVESTMENTS, INC;
JOHN RICHARD PIPE D.B.A. LOVELAND AUTO TRANSPORT; and
PIPELINE AUTO TRANSPORT, INC.

      Defendants.

---

# COMPLAINT

---

COMES NOW, the above named Plaintiffs, with the following Complaint:

## I.  PRELIMINARY STATEMENT

1.      Plaintiffs Jeffery Thayer and William Evans worked as truck drivers for the Defendants, transporting automobiles across state lines. Both Mr. Thayer's and Mr. Evans' employment ended and they remain unpaid for wages they earned during their employment. Here, the Plaintiffs simply seek payment for the work they did.

## II.  JURISDICTION AND VENUE AND PARTIES

2.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 (federal question) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related claims under Colorado law.

1

3.      Venue is proper pursuant to 28 U.S.C. § 1391.  All Defendants are located in Colorado and the acts and omissions that are the subject of this complaint occurred in the District of Colorado

4.      At all times material to the allegations of the complaint, the Plaintiffs William Evans and Jeffrey Thayer have been domiciled in the District of Colorado.

5.      At all times material to the allegations of the complaint, the Defendants Pipeline Auto Transport, Inc. ("Pipeline Auto") and Loveland Automotive Investments, Inc. ("Loveland Auto") have been Colorado Corporations with their principal places of business in the District of Colorado.

6.      At all times material to the allegations of the complaint, the Defendant John Richard Pipe has been domiciled in the District of Colorado.

### III.   GENERAL ALLEGATIONS

7.      The Defendants entered into employment contacts with Defendant Loveland Auto to provide services in exchange for wages. (hereinafter collectively referred to as the "contract", "contracts", "employment contract", and "employment contracts").

8.      The Plaintiffs continued to work under the contracts for Loveland Auto's successors: Defendant Pipe and Defendant Pipeline Auto.

9.      The Plaintiffs performed services under the contracts and were not paid.

10.      Additionally, pursuant to C.R.S. § 8-4-105, the Defendants illegally deducted amounts from Plaintiffs wages.

11.      By information and belief, Defendants Pipe and Pipeline Auto acquired Loveland Auto's assets after Loveland Auto ceased operating.

2

12.     After acquiring the assets, Defendants Pipe and Pipeline Auto were merely a continuation of Defendant Loveland Auto.

13.     Upon information and belief, the transfer of the assets to Defendants Pipe and Pipeline Auto was entered into fraudulently in order to escape liability for debts of Loveland Auto.

14.     Defendants Pipe and Pipeline Auto are therefore liable for the debts of Loveland Auto as its successors

15.     Moreover, Defendant Pipe is merely an alter ego of the business entity Defendants.

16.     Upon information and belief, Defendant Pipe used Pipeline Auto and Loveland Auto as fictitious alter egos and acted in bad faith by comingling the assets of the businesses, creating new entities to perform the same business and avoid prior debts, passing a bad check from one of the entities to pay a personal debt and a debt of another entity, and failing to pay the Plaintiffs for their services.

17.     Upon information and belief, Defendant Pipe disregarded the legal formalities of his business entities and made them mere instrumentalities for the transaction of his own affairs.

18.     Upon information and belief, there was such a unity of interest and ownership that the separate personalities of the entities and their managers, directors, and shareholders did not exist when the claim arose.

19.     To adhere to the fiction of the business entities would promote injustice.

### IV.   FIRST CLAIM FOR RELIEF FOR BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA) 28 U.S.C. §§ 201 *ET SEQ* (By Both Plaintiffs Against All Defendants)

20.      The Plaintiffs incorporate by reference all previous paragraphs of their Complaint.

21.      The Defendants entered into the employment contacts.

22.      At all relevant times, Defendant Pipe was Loveland Auto's alter ego and Pipeline Auto and Defendant Pipe were Loveland Auto's successors in interest.

23.      Defendant Pipe also employed the Plaintiffs pursuant to 29 U.S.C. § 203(d) because he acted directly or indirectly in the interest of Defendants Loveland Auto and Pipeline Auto in relation to the Plaintiffs because, among other things, Defendant Pipe had the power to hire and fire the Plaintiffs, maintained the Plaintiffs' employment records, and supervised and controlled the Plaintiffs work schedules and conditions of employment.

24.      By information and belief, During the Plaintiff's entire employment, the Defendants had annual revenues in excess of $500,000.

25.      During the Plaintiff's entire employment, the Defendants had two or more employees, including the two Plaintiffs, that handled goods or materials that had been moved in or produced for interstate commerce.

26.      During the Plaintiff's entire employment, the Plaintiffs were engaged in interstate commerce because they were driving trucks carrying goods, including cars, in interstate commerce across state lines.

27.      The Plaintiffs were not paid anything for some of the hours they worked.

28.      As the Plaintiffs' employers, the Defendants were required to pay the Plaintiffs minimum wage pursuant to 29 U.S.C. § 206 for these hours and failed to do so.

4

29.     The failure to pay minimum wage was willful pursuant to 29 U.S.C. § 255(a)

because the Defendants knew or showed reckless disregard for the fact that the Plaintiffs

were employees covered by the FLSA and therefore entitled to minimum wage.

30.     The Plaintiffs are therefore entitled to the following pursuant to 29 U.S.C. § 216:

unpaid minimum wage, statutory liquidated damages, reasonable attorney's fees, and

costs.

### V.   SECOND CLAIM FOR RELIEF FOR WILLFUL WITHHOLDING OF WAGES PURSUANT TO C.R.S.  §§ 8-4-109, -110
### (All Plaintiffs Against All Defendants)

31.     The Plaintiffs incorporate by reference all previous paragraphs of their Complaint.

32.     The Plaintiffs entered into the employment contracts with Defendant Loveland

Auto and were employed under these contracts by Loveland Auto's successors in interest:

Defendant Pipe and Defendant Pipeline Auto.

33.     At all relevant times, Defendant Pipe was Loveland Auto's alter ego and Pipeline

Auto and Defendant Pipe were Loveland Auto's successors in interest.

34.     The Defendants controlled when, where, and how much the Plaintiffs worked

under the employment contracts.

35.     The Plaintiffs performed under the employment contracts, were not paid for some

of these services, and remained unpaid after the employment contracts ended.

36.     Within 60 days of Plaintiff Evans' employment ending, he, through his attorney,

sent a written demand to the Defendants demanding his unpaid wages and stating where

the unpaid wages could be received.

37.      Defendants did not respond to Plaintiff Evans' demand by paying anything to

Plaintiff Evans.

38.     The Defendants are therefore liable to the Plaintiffs for unpaid wages, reasonable attorney's fees, and costs.

39.     The Defendants are additionally liable to Plaintiff Evans for statutory penalties for failing to respond to Plaintiff Evans' demand.

### VI.   THIRD CLAIM FOR DAMAGES PURSUANT TO C.R.S. § 13-21-109
### (By Plaintiff Thayer Against All Defendants )

40.     The Plaintiff incorporates by reference all previous paragraphs of his Complaint.

41.     Defendant Loveland Auto wrote Plaintiff Thayer a $1827.50 check to pay Plaintiff Thayer for services Plaintiff Thayer provided under his contract with Defendants.

42.     At all relevant times, Defendant Pipe was Loveland Auto's alter ego and Pipeline Auto and Defendant Pipe were Loveland Auto's successors in interest.

43.     The check was not paid when Plaintiff Thayer presented it.

44.     Written notice that the check was not paid upon presentment was sent to all Defendants by certified mail return receipt requested, stating the following: the date the check was issued; the name of the bank on which the check was drawn; the name of the payee; the face amount of the check; the total amount due; that the maker has fifteen days from the date notice was given to make payment in full of the total amount due; and that, if the total amount due is not paid within fifteen days after the date notice was given, the maker may be liable in a civil action for three times the face amount of the check but not less than one hundred dollars and that, in such civil action, the court may award court costs and reasonable attorney fees to the prevailing party.

45.     There was no response to the notice within 15 days of the notice and there still has been no response.

6

46.     The Defendants are therefore jointly liable to Plaintiff Thayer for three times the amount of the check ($5,482.50), attorney's fees, costs, and interest.

## VII.   FOURTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT
### (All Plaintiffs Against All Defendants)

47.     The Plaintiffs incorporate by reference all previous paragraphs of their Complaint.

48.     The Plaintiffs entered into the employment contracts with Loveland Auto and continued to work under the contracts for Loveland Auto's successors: Defendants Pipe and Pipeline Auto.

49.     At all relevant times, Defendant Pipe was Loveland Auto's alter ego and Pipeline Auto and Defendant Pipe were Loveland Auto's successors in interest.

50.     The statutory requirements to only make legal payroll deductions pursuant to C.R.S. § 8-4-105 and to pay minimum wage under the FLSA were implied terms in the employment contracts.

51.     By failing to pay the Plaintiffs for services they provided and by making illegal payroll deductions, the Defendants breached the employment contracts and the Plaintiffs suffered damages.

52.     The Plaintiffs are entitled to compensation for their damages and attorney's fees pursuant to C.R.S. § 8-4-110.

## VIII.   FIFTH CLAIM FOR RELIEF IN QUASI CONTRACT
### (All Plaintiffs Against All Defendants)

53.     Plaintiffs incorporate by reference all previous paragraphs of their Complaint.

54.     Alternatively, if the employment contracts fail, the Plaintiffs are entitled to equitable relief against the Defendants under the doctrines of promissory estoppel, unjust enrichment, and quantum meruit because equity demands that the Plaintiffs be

7

compensated for their justifiable reliance on Defendants' promises, that the Plaintiffs be compensated at the reasonable value of the services they provided, and that Defendants be disgorged of their ill-gotten gains.

## IX.  DEMAND FOR JURY TRIAL

55.     Plaintiffs demand a jury for all issues so triable.

## X.  PRAYER FOR RELIEF

56.     Plaintiffs respectfully request that this Court enter an order:

a)      granting judgment in favor of Plaintiffs and against the Defendants;

b)      awarding the Plaintiffs their damages in contract or quasi-contrat;

c)      awarding the Plaintiff their unpaid minimum wage and liquidated damages pursuant to the FLSA (28 U.S.C. §§ 201 *et seq*);

d)      awarding the Plaintiffs damages for their unpaid wages pursuant to Colorado Statute (C.R.S. §§ 8-4-109, -110);

e)      Awarding Plaintiff Thayer his statutory damages pursuant to C.R.S. § 13-21-109;

f)      awarding the Plaintiffs their costs;

g)      awarding the Plaintiffs their attorney's fees under 29 U.S.C. § 216; C.R.S. § 8-4-110; and C.R.S. § 13-21-109.

h)      awarding the Plaintiff prejudgment and post-judgment interest; and

i)      granting such other relief as this Court deems just and proper.

Dated: 9/5/13

Respectfully Submitted,


s/Alexander Hood
Alexander Hood
Towards Justice
601 16th St., Suite C #207
Golden, CO 80401
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorney for the Plaintiffs

Plaintiffs' Address:
C/O Towards Justice
601 16th St., Suite C #207
Golden, CO 80401