**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2415-WJM-KMT

WILLIAM EVANS, and
JEFFREY THAYER

    Plaintiffs,

v.

LOVELAND AUTOMOTIVE INVESTMENTS, INC.,
JOHN RICHARD PIPE d/b/a LOVELAND AUTO TRANSPORT, and
PIPELINE AUTO TRANSPORT, INC.

    Defendants.

---

**ORDER GRANTING MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT AS TO JOHN RICHARD PIPE**

---

Plaintiffs William Evans and Jeffery Thayer (together "Plaintiffs") bring this action against their former employers Loveland Automotive Investments, Inc., John Richard Pipe d/b/a Loveland Auto Transport, and Pipeline Auto Transport, Inc. (collectively "Defendants") alleging violation of the Fair Labor Standards Act, 28 U.S.C. §§ 201 *et seq.* (ECF No. 1.)  Before the Court is a Motion to Set Aside Entry of Default ("Motion") filed by John Pipe on behalf of Defendants.  (ECF No. 17.)  For the reasons set forth below, the Motion is granted as to John Pipe but denied as to Loveland Automotive Investments, Inc. and Pipeline Auto Transport, Inc.

## I. BACKGROUND

Plaintiffs worked as truck drivers for the Defendants, transporting vehicles across state lines.  (Compl. ¶ 1.)  Plaintiffs allege that they were not paid for services that they

provided under a contract with Defendants, and that Defendants illegally deducted amounts from their wages. (*Id.* ¶ 11.)

On September 5, 2013, Plaintiffs filed a Complaint alleging that Defendants violated the Fair Labor Standards Act, breached their employment contract, and violated other Colorado laws. (*Id.*) Defendants were all served on September 19, 2013, and their answers or responsive pleadings were due on October 10, 2013. (ECF Nos. 9-11.) When Defendants failed to answer or otherwise respond to the Complaint, Plaintiffs moved for entry of default. (ECF Nos. 12 & 14.) On October 17, 2013, default was entered against Loveland Automotive Investments, Inc. and Pipeline Auto Transport, Inc. (ECF No. 16.) Default was entered against John Pipe on November 13, 2013. (ECF No. 20.) On November 12, 2013, Defendant Pipe filed the instant Motion on behalf of all Defendants. (ECF No. 17.)

## II. LEGAL STANDARD

When a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, the Court may set aside an entry of default for "good cause". Fed. R. Civ. P. 55(c). "[I]n determining whether a defendant has met the good cause standard," courts consider "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995) (unpublished) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The factors are not "talismanic," and a court may choose not

to consider all three factors, or to consider additional factors.  *Id.*

While "[t]he preferred disposition of any case is upon its merits and not by default . . . , this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion" when considering a motion to set aside a default.  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").

Additionally, the Motion is filed *pro se* and, therefore, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

Defendant Pipe moves to set aside the default on his own behalf, as well as on behalf of the other two Defendants, which are corporate entities within his control.  (ECF No. 17.)  The Court will consider the analysis as to each entity separately below.

**A.    Corporate Entities**

Both Loveland Auto Transport, Inc. and Pipeline Auto Transport, Inc. are listed as corporate entities in the Complaint.[1]  (ECF No. 1 ¶ 5.)  Defendant Pipe has signed

---

[1] The Court presumes that the Complaint's label of these entities as corporations is accurate and its analysis is based on this presumption.  If the presumption is incorrect, and these entities are not corporations, Defendants shall so notify the Court via an appropriate filing.

3

the Motion on behalf of these corporate entities, and thereby moved to set aside default as to these entities. (ECF No. 17 at 2.) However, a corporation can appear in court only through a licensed attorney. A non-attorney corporate officer may not represent the corporation in court proceedings. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*.").

The record does not indicate that Mr. Pipe is a licensed attorney and the Court presumes that he is not. He cannot appear on behalf of the corporate entities simply based on the fact that he is a principal in these organizations. Therefore, the Court cannot deem the Motion to Set Aside to have been filed on behalf of the corporate entities. Because the corporate entities have not appeared before the Court, and have not contested the entry of default against them, the Motion to Set Aside is denied as to these entities.

B.   **John Pipe Individually**

Because Defendant Pipe can represent himself in these proceedings, the Court will consider the merits of the Motion as to him individually. In the Motion, Defendant Pipe alleges he inadvertently misread the filings served on him, specifically as to the timelines set forth therein. (ECF No. 17 ¶ 1.) Defendant Pipe states that he has grounds for a strong defense, and that he intends to vigorously pursue both a defense

of the claims against him, and counterclaims against the Plaintiffs. (*Id*. ¶¶ 3-4.)

The Court finds that Defendant Pipe has met his burden of showing that the entry of default should be set aside. Construing the Motion liberally, the Court finds that Defendant Pipe has shown that he has a defense to the claims against him and that he intends to pursue such defense. The Court finds no evidence of culpable conduct; this appears to be a simple case of inadvertence. *See United States v. Timbers Pres., Routt Cnty.*, 999 F.2d 452, 454 (10th Cir. 1993) (holding that an unintentional or good faith mistake is not culpable conduct).

The Court also finds that Plaintiffs will not be prejudiced by setting aside the default. Defendant Pipe acted promptly to set aside the default, and this case is in its very early stages. *See Procom Supply, LLC v. Langner*, 2012 WL 2366617, at *3 (D. Colo. June 21, 2012) (finding no prejudice in setting aside entry of default when defendant filed a motion for relief three days after default was entered); *Zen & Art of Clients Server Computing, Inc. v. Res. Support Assocs., Inc.*, 2006 WL 1883173, at *3 (D. Colo. July 7, 2006) (finding no prejudice where counsel entered an appearance seven days after the entry of default and filed a motion for relief ten days after default was entered).

In sum, the Court finds that Defendant Pipe has demonstrated that his failure to timely respond resulted from an honest mistake, that he moved quickly to remedy its mistake and avoid prejudice to Plaintiffs, and that he has potentially meritorious defenses. Given that "[t]he preferred disposition of any case is upon its merits and not by default," the Court finds that Defendant Pipe has made a showing of good cause

5

under Rule 55(c) to set aside the clerk's entry of default.  *See Gomes*, 420 F.2d at 1366.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Set Aside Entry of Default (ECF No. 17) is GRANTED as to Defendant John Pipe;

2. Defendant John Pipe shall file an answer or responsive pleading **on or before December 6, 2013;**

3. Defendants' Motion to Set Aside Entry of Default (ECF No. 17) is DENIED WITHOUT PREJUDICE as to Defendants Loveland Auto Transport, Inc. and Pipeline Auto Transport, Inc.  Should these entities retain counsel to appear on their behalf, they may reassert the arguments raised in the Motion.

Dated this 20th day of November, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge