**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-2415-WJM-KMT

WILLIAM EVANS, and
JEFFREY THAYER,

      Plaintiffs,

v.

LOVELAND AUTOMOTIVE INVESTMENTS, INC.,
JOHN RICHARD PIPE d/b/a LOVELAND AUTO TRANSPORT, and
PIPELINE AUTO TRANSPORT, INC.,

      Defendants.

---

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

Plaintiffs William Evans and Jeffery Thayer (together "Plaintiffs") bring this action against their former employers Loveland Automotive Investments, Inc., John Richard Pipe d/b/a Loveland Auto Transport, and Pipeline Auto Transport, Inc. (collectively "Defendants") alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and other related claims under Colorado law.  (ECF No. 1.)  Before the Court is Plaintiffs' Motion for Summary Judgment ("Motion").  (ECF No. 31.)  For the reasons set forth below, the Motion is granted.

## I.  BACKGROUND

Plaintiffs worked as truck drivers for the Defendants, transporting vehicles across state lines.  (ECF No. 1 at ¶ 1.)  Plaintiffs allege that they were not paid for services that they provided under a contract with Defendants, and that Defendants illegally deducted amounts from their wages.  (*Id*. at ¶ 7-10.)

Plaintiffs initiated this action on September 5, 2013, and bring claims against the Defendants for (1) FLSA violations; (2) violations of the Colorado Wage Claim Act, COLO. REV. STAT. § 8-4-101, *et seq*.; (3) violations of Colorado's dishonored check statute, COLO. REV. STAT. § 13-21-109; (4) breach of contract; and (5) relief in quasi contract. (*Id*. at p. 4-8.) Defendants were all served on September 23, 2013, and their answers or responsive pleadings were due on October 16, 2013. (ECF Nos. 9-11.) When Defendants failed to answer or otherwise respond to the Complaint, Plaintiffs moved for entry of default. (ECF Nos. 12 & 14.) On October 17, 2013, default was entered against Loveland Automotive Investments, Inc. and Pipeline Auto Transport, Inc. (ECF No. 15.) Default was entered against John Pipe on November 13, 2013. (ECF No. 20.)

On November 12, 2013, Defendant Pipe filed a Motion to Set Aside Entry of Default on behalf of all Defendants. (ECF No. 17.) Although the Court granted the Motion as to Defendant Pipe, it was denied as to Defendants Loveland Auto Transport, Inc. and Pipeline Auto Transport, Inc. (ECF No. 24.) Defendant Pipe was given until December 6, 2013 to file an answer or responsive pleading, which he failed to do. Plaintiff thereafter moved for an entry of default as to all Defendants pursuant to Federal Rule of Civil Procedure 55(a), and the Clerk of Court entered default against all Defendants on December 13, 2013 (ECF Nos. 26-27). Plaintiffs filed their Motion for Summary Judgment on June 2, 2014. (ECF No. 31.) No responsive briefs were filed by any of the Defendants.

## II.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material

fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc*., 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute regarding a material fact depends upon whether the evidence presents a sufficient disagreement as to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense, and a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248. The Court must examine the facts in the light most favorable to the nonmoving party, and resolve factual ambiguities against the moving party.  *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).  The summary judgment standard thus favors a right to trial.  *See id.*

## III.  ANALYSIS

Plaintiffs filed the instant Motion for Summary Judgment on June 2, 2014.  (ECF No. 31.)  Defendants failed to file any response to the Motion.  Despite Defendants' failure to oppose the Motion, the Court cannot grant summary judgment without first determining whether Plaintiffs have met their burden of production.  *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).  The court should only grant summary judgment where the facts alleged entitle the moving party to judgment as a matter of law.  *Id*.  If the evidence produced in support of summary judgment fails to

meet this burden, "summary judgment must be denied *even if no opposing evidentiary matter is presented*." *Id.* at 1194 (quotation marks omitted) (emphasis in original).

In deciding Plaintiffs' Motion, the Court must also consider that the Clerk of Court has entered default against all Defendants in this matter under Federal Rule of Civil Procedure 55(a). (ECF No. 27.) Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The Court thus interprets Plaintiffs' Motion for Summary Judgment as an application for default judgment under Rule 55(b)(2).

Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendants and subject matter jurisdiction over the action. *See Williams v. Life Sav. & Loan*, 802 F. 2d 1200, 1202-03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact, which are deemed admitted by a defendant in default, support a judgment on the claims against the defaulting defendants. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. P. 55(b)(2). Generally, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

In this matter, the Court will therefore determine: (1) whether the Court's jurisdiction over the Defendants and claims is proper; (2) whether the well-pleaded allegations of fact support a judgment on the claims against Defendants as a matter of law; and (3) what damages Plaintiffs are entitled to, if any. The Court discusses each issue below.

## A.    The Court's Jurisdiction

The Court must first determine whether it has personal jurisdiction over the Defendants, and subject matter jurisdiction over the action. The Court finds it has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. The Court also finds it has personal jurisdiction over the Defendants because, Plaintiffs allege, Defendant Pipe is domiciled in Colorado, and Defendants Pipeline Auto Transport, Inc. and Loveland Automotive Investments, Inc. are incorporated and have their principal places of business in Colorado. (ECF No. 1 at ¶¶ 3-6.) Lastly, pursuant to 28 U.S.C. § 1367, the Court finds that it has supplemental jurisdiction over Plaintiffs' related claims brought under Colorado law. Therefore, the Court has jurisdiction over all claims and parties in this action.

**B.      Whether the Facts Pled Support Judgment Against the Defendants**

Plaintiffs claims against the Defendants include violations of the FLSA, the

Colorado Wage Claim Act, Colorado's dishonored check statute, breach of contract,

and relief in quasi contract.  (ECF No. 1.)  Although Plaintiffs' claims relate to

employment contracts they entered into with Defendant Loveland Auto Transport, Inc.,

Plaintiff asserts its claims collectively against Defendants Pipe, Pipeline Auto Transport,

Inc, and Loveland Auto Transport, Inc.  (*Id*. at p. 4-8.)  Plaintiffs allege that "Defendants

Pipe and Pipeline Auto acquired Loveland Auto's assets" through a fraudulent transfer

designed to allow Loveland Auto to escape liability for its debts.  (*Id*. at ¶¶ 11-14.)

Plaintiffs' Complaint further alleges that Defendant Pipe is liable individually because he

used the corporations "as fictitious alter egos" for his own "bad faith" fraudulent

transactions.  (*Id*. at ¶¶ 11-19.)  According to the Plaintiffs' Complaint, "Defendants Pipe

and Pipeline Auto are therefore liable for the debts of Loveland Auto as its successors."

(*Id*. at ¶ 14.)

Treating all well-pled facts in the Plaintiffs' Complaint as true based on the

Defendants' default, the Court finds that the Plaintiffs have alleged a sufficient basis on

which to impose joint and several liability on all three Defendants to this action.

However, Plaintiffs' claims against the Defendants must have also been sufficient to

support a judgment against them as a matter of law.  The Court will therefore analyze

Plaintiffs' claims against the Defendants in accordance with the foregoing legal

standards.

1.    <u>FLSA Claim</u>

The Plaintiffs allege that they were employed by Defendants to transport vehicles across state lines (ECF No. 1 at ¶ 1), and were not paid for some of the hours they worked in violation of the FLSA (*id*. at ¶¶ 27-28).  The FLSA states that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at . . . $7.25 an hour. . . ."  29 U.S.C. § 206(a).  "Employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee," and "commerce" means "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  *Id*. at § 203(b), (d).

Taking the facts contained in Plaintiffs' Complaint as true, and viewing all other facts in the light most favorable to the Defendants, the Court finds that Plaintiffs have pled a sufficient claim for relief under the FLSA.  Plaintiffs allege that they entered into employment contracts with Defendant Loveland Auto to transport goods over state lines, and continued to work for Loveland Auto's successors, Defendants Pipe and Pipeline Auto under those contracts.  (ECF No. 1 at ¶¶ 7-30.)  Plaintiffs further allege that the Defendants willfully failed to pay them for a number of hours worked.  (*Id*.)  Both Plaintiffs also submitted affidavits to that effect.  (ECF Nos. 31-1 & 31-2.)  The Court finds that the Defendants, collectively, acted as an "employer" under the FLSA, and were engaged in "commerce" as the Plaintiffs' duties required  "trade, commerce, transportation, transmission, or communication" between states.  29 U.S.C. § 203(b), (d).  The Court finds that Plaintiffs have sufficiently alleged Defendants' breach of the FLSA.

7

2.   Colorado Wage Claim Act Claim

Plaintiffs allege that they were owed wages at the time their employment with Defendants ended, which the Defendants wilfully withheld in violation of the Colorado Wage Claim Act, COLO. REV. STAT. § 8-4-101, *et seq*.  The Colorado Wage Claim Act allows an employee "to sue his or her former employer for earned wages and other compensation the employer has refused to pay." *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014); *see also* COLO. REV. STAT. § 8-4-109.  Under the Act, "employer" is defined as "every person, firm, partnership, association, corporation . . . employing any person in Colorado," and "employee" means "any person . . . performing labor or services for the benefit of an employer in which the employer may command when, where, and how much labor or services shall be performed." COLO. REV. STAT. § 8-4-101(5)-(6).

When the employer-employee relationship ends "by volition of the employer," any wages previously earned by the employee are immediately due and payable. COLO. REV. STAT. § 8-4-109(1)(a).  If the employer refuses to pay the employee's wages, the employee must "make a written demand for the payment within sixty days after the date of separation" that states where payment can be received. *Id.* at § (3)(a). If the employer does not make payment within fourteen days after receiving the employee's demand, the employer is liable for the unpaid wages and an additional statutory penalty. *Id.* at § (3)(b).

Taking the facts contained in Plaintiffs' Complaint as true, and viewing all other facts in the light most favorable to the Defendants, the Court finds that Plaintiffs have pled a sufficient claim for relief under the Colorado Wage Claim Act.  Plaintiffs allege

that they performed services for the Defendants, were not paid for those services upon termination of employment, and that Defendants "controlled when, where, and how much the Plaintiffs worked under the employment contracts."  (ECF No. 1 at ¶ 34.) Plaintiff Evans further alleges that, within 60 days after his employment ended, he made written demand on the Defendants for his unpaid wages and stated where such wages could be received, but never received payment.  (*Id*. at ¶¶ 36-37; *see also* ECF No. 31-1.)  The Court will therefore enter judgment in favor of Plaintiffs on their Colorado Wage Claim Act claim.

       3.    <u>Dishonored Check Statute Claim</u>

Plaintiff Thayer alleges he was issued a check in the amount of $1,827.50 by Defendant Loveland Auto for services provided under an employment contract with Defendants, which was subsequently dishonored upon presentment in violation of § 13-21-109.  (ECF No. 1 at ¶¶ 41-43.)  Colorado law provides that anyone who attempts to satisfy a payment obligation by means of a check that is not paid on presentment is liable to the check's holder for the face value of the check plus actual damages.  § 13-21-109(1).  However, if notice of nonpayment is provided to the check's drafter and the total amount due is not paid within fifteen days after such notice, the holder is entitled to "three times the face amount of the check . . . and, with regard to a paycheck, actual damages caused by the nonpayment, including associated late fees." *Id.* at § (2)(a).  Notice of nonpayment upon presentment must be in writing, and may be delivered by certified mail return receipt requested.  *Id*. at § (3).

Taking the facts contained in Plaintiffs' Complaint as true, and viewing all other facts in the light most favorable to the Defendants, the Court finds that Plaintiff Thayer

has pled a sufficient claim for relief under § 13-21-109.  Plaintiff Thayer alleges that Loveland Auto presented him with a check for services rendered that was not paid on presentment.  (ECF Nos. 1 at ¶¶ 41-43 & 31-2, Ex. 2.)  Plaintiff further alleges that he served the Defendants with written notice of nonpayment by certified mail return receipt requested.  (ECF No. 1 at ¶¶ 44-46.)  The Court finds that Plaintiff's notice to Defendants complied with the requirements of § 13-21-109(3)-(4).  (ECF No. 31-2, Ex. 3.)  The Court will therefore enter judgment in favor of Plaintiff Thayer on his claim for relief under § 13-21-109.

    4. <u>Plaintiffs' Remaining Claims</u>

    Since the Court finds that Plaintiffs have sufficiently stated claims under the FLSA, Colorado Wage Claim Act, and Colorado's dishonored check statute that will entitle Plaintiffs to a default judgment in the sum certain damages that they seek, the Court does not reach the question of whether Plaintiffs have pled sufficient facts to prevail on their breach of contract and quasi contract claims.

**C. Default Judgment for a Sum Certain**

    The Court finds that default judgment should be entered for the sum certain damages that Plaintiffs seek.  Actual proof must support any default judgment for money damages.  *See Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).  Moreover, the amount of damages must be ascertained before a final default judgment can be entered against a party.  *See Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 2692 at 465–66 (1983)).  The Plaintiffs have itemized their damages according to their respective claims against the Defendants under the FLSA, Colorado Wage Claim

Act, and Colorado's dishonored check statute.  (ECF No. 31 at 17.)  The Court discusses each category of damages below.

      1.     <u>FLSA and Colorado Wage Claim Act Damages</u>

Plaintiffs have shown that they are entitled to judgment in their favor on both their FLSA and Colorado Wage Claim Act claims.  However, these claims give rise to similar and, at least partially, overlapping damages.  The Court cannot permit Plaintiffs to recover twice for the same damages.  *See Jiao v. Shi Ya Chen*, 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007) ("Where a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages"); *see also Mason v. Okla. Turnpike Authority*, 115 F.3d 1442, 1459 (10th Cir. 1997) ("If a federal claim and a state claim arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery"), overruled on other grounds by *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011).  Rather, although Plaintiffs are entitled to bring claims under both the FLSA and Colorado Wage Claim Act, *Redmond v. Chains, Inc.*, 996 P.2d 759, 764 (Colo. App. 2000), they may recover damages only on the statute which provides the greatest relief.  *Shi Ya Chen*, 2007 WL 4944767, at *17; *see also Francisco v. Susano*, 2013 WL 4849109, *4 (D. Colo. Sep. 10, 2013).  In this case, the Colorado Wage Claim Act provides Plaintiffs larger damages.  Thus, the Court will award Plaintiffs damages under that statute.

The Colorado Wage Claim Act provides that any earned wages that remain unpaid at the time of an employee's termination are immediately due and payable.

COLO. REV. STAT. § 8-4-109(1)(a).  Plaintiffs Evans and Thayer respectively demand $7,248.75 and $4,627.50 in damages for unpaid wages (ECF Nos. 31 at 17), and have submitted affidavits supporting these amounts (ECF Nos. 31-1 & 31-2).  The Court therefore awards Plaintiff Evans $7,248.75, and Plaintiff Thayer $4,627.50, as damages for Defendants' violation of the Colorado Wage Claim Act.

Plaintiff Evans additionally requests a statutory penalty under § 8-4-109(3).  The Court finds that Plaintiff Evans made a proper, written demand for payment on Defendants pursuant to § 8-4-109(3), to which Defendants never responded.  (ECF No. 31-1, Ex. 2.)  As such, Evans is entitled to an additional 125% of his unpaid wages. COLO. REV. STAT. § 8-4-109(3)(b)(I).  Evans has also sufficiently alleged that Defendants failure to pay was willful (ECF No. 31 at p. 5-6), thus increasing the penalty by fifty percent according to COLO. REV. STAT. § 8-4-109(3)(c).  The Court therefore awards Plaintiff Evans an additional $12,685.31.

### 2.   Dishonored Check Statute Damages

Section 13-21-109(2)(a) states that the holder of a dishonored check who provides the check's drafter notice of nonpayment is entitled to "three times the face amount of the check" if the total amount due is not paid within fifteen days after such notice.  Plaintiff Thayer provided the Defendants proper notice of nonpayment under COLO. REV. STAT. § 13-21-109(3)-(4), to which they failed to respond.  (ECF No. 31-2, Ex. 3.)  Plaintiff Thayer therefore demands treble damages for Defendants' failure to respond to his written demand for payment.  The Court finds that Plaintiff Thayer is entitled to treble damages; however, Plaintiff Thayer requests only the statutory penalty, or twice the face value of the dishonored check, as he concedes he "can only collect

12

the actual wages once." (ECF No. 31 at 17.)  The Court therefore awards Plaintiff

Thayer two times the face value of the dishonored check, or $3,655.00.

### D.     Prejudgment Interest

Plaintiffs request prejudgment interest at a rate of eight percent on their

Colorado Wage Claim Act claim, and Plaintiff Thayer requests prejudgment interest at

the same rate on his dishonored check statute claim. (ECF No. 31 at 10-11.)  However,

Plaintiffs do not provide any support for their prejudgment interest claims.  Prejudgment

interest "is not recoverable as a matter of right"; rather, whether to award prejudgment

interest rests with the trial court's discretion. *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d

758, 763 (10th Cir. 1997).  In cases arising under federal law, the Court should engage

in a two-step analysis: "First, the trial court must determine whether an award of

prejudgment interest would serve to compensate the injured party.  Second, when an

award would serve a compensatory function, the court must still determine whether the

equities would preclude the award of prejudgment interest." *Id*. at 764 (quoting *Malloy

v. Monahan*, 73 F.3d 1012, 1019 (10th Cir. 1996) (internal quotation marks omitted)).  If

the court finds that prejudgment interest is appropriate, then it must further determine,

in its discretion, what interest rate to apply. *Kleier Advertising, Inc. v. Premier Pontiac*,

*Inc.*, 921 F.2d 1036, 1042 n.4 (10th Cir. 1991) (holding that, where jurisdiction is based

on a federal question, "[b]ecause there is no federal statutory interest rate on

pre-judgment interest, the rate imposed will be left to the trial court's discretion."); *see

also Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc*., 295 F.3d 1065, 1078 (10th Cir.

2002).

13

In this case, the Court finds that an award of prejudgment interest is reasonable "to compensate the wronged part[ies] for being deprived of the monetary value of [their] loss from the time of the loss to the payment of the judgment." *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1286 (10th Cir. 2002). The Court further finds that the interest rate of eight percent supplied by Plaintiffs is a reasonable compensatory rate. However, the Plaintiffs are not entitled to prejudgment interest on their full damages awards, including statutory penalties, as they request. Interest will instead be calculated based on Plaintiffs' compensatory damages only.[1] The Court therefore awards Plaintiff Evans prejudgment interest from the date his employment with Defendants ended, March 6, 2013, through the date of this order, or $1,077.18. The Court further awards Plaintiff Thayer prejudgment interest from the date provided in Plaintiffs' Motion, July 1, 2012, through the date of this order in the amount of $939.19.[2]

## E.     Attorneys' Fees and Costs

Plaintiffs also seek an award of costs, attorneys' fees and post-judgment interest. (ECF No. 31 at 17.) Federal Rule of Civil Procedure 54(d) provides that costs, other than attorneys' fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. Plaintiffs, however, have not requested a specific amount of attorneys' fees or costs, and have not submitted the documentation necessary to support their request. Therefore, the

---

[1] The prejudgment interest is therefore calculated on Plaintiffs Evans' and Thayer's unpaid wages of $7,248.75 and $4,627.50 respectively, which have been awarded to each as compensatory damages.

[2] Plaintiff Thayer asserts his employment ended earlier, "sometime in June 2012" (ECF No. 31-2 at ¶ 13), but only requests prejudgment interest from July 1, 2012 (ECF No 31 at 10).

Court declines to rule on Plaintiffs' request for attorneys' fees and costs at this time, but will permit Plaintiffs time to file the appropriate documentation.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiffs' Motion for Summary Judgment (ECF No. 31) is GRANTED and the Clerk of the Court shall enter judgment against the Defendants as follows;

2.    Plaintiff William Evans is awarded damages against Defendants jointly and severally in the amount of $19,934.06, and prejudgment interest in the amount of $1,077.18;

3.    Plaintiff Jeffrey Thayer is awarded damages against Defendants jointly and severally in the amount of $8,282.50, and prejudgment interest in the amount of $939.19;

4.    Plaintiffs Evans and Thayer are awarded post-judgment interest at the statutory rate; and

5.    Plaintiffs shall submit a motion for costs and attorneys' fees with supporting documentation on or before January 27, 2015.

Dated this 13th day of January, 2015.

BY THE COURT:

William J. Martinez
United States District Judge

15