**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2415-WJM-KMT

WILLIAM EVANS, and
JEFFREY THAYER,

    Plaintiffs,

v.

LOVELAND AUTOMOTIVE INVESTMENTS, INC.,
JOHN RICHARD PIPE d/b/a LOVELAND AUTO TRANSPORT, and
PIPELINE AUTO TRANSPORT, INC.,

    Defendants.

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

---

    This matter is before the Court on Plaintiffs William Evans and Jeffery Thayer's (together "Plaintiffs") joint Motion for Attorney's Fees and Costs ("Motion"). (ECF No. 34.) Plaintiffs initiated this action on September 5, 2013. (ECF No. 1.) Following the default of all Defendants to this action, the Court granted Plaintiffs' Motion for Summary Judgment and awarded Plaintiffs damages for Defendants' violations of the Colorado Wage Claim Act ("CWCA"). (ECF No. 32.) Plaintiffs now seek attorneys' fees and costs in connection with their damages award; Defendants have not filed a response to the Motion.

    In its Order Granting Plaintiffs' Motion for Summary Judgment, the Court found that Plaintiffs had plausibly alleged that they were employed by Defendants and were not paid for services they had performed. (*Id*. at 9.) The Court further found that Defendants' actions violated the CWCA, which allows an employee "to sue his or her

former employer for earned wages and other compensation the employer has refused to pay." (*Id.* at 8 (quoting *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014)).)

As a result, the Court finds that Plaintiffs are also entitled to their attorneys' fees and costs incurred in this litigation. The CWCA states that "[i]f, in any such action in which the employee seeks to recover any amount of wages or compensation, the employee recovers a sum greater than the amount tendered by the employer, the court may award the employee reasonable costs and attorney fees incurred in such action." Colo. Rev. Stat. § 8-4-110(1). Plaintiffs submitted affidavits in connection with their Motion for Summary Judgment indicating that Defendants had failed to respond to either of their letters demanding payment. (ECF Nos. 31-1 & 31-2.) Plaintiffs have therefore satisfied § 8-4-110 by recovering a sum greater than that tendered by Defendants. Colo. Rev. Stat. § 8-4-110(1) ("If an employer fails or refuses to make a tender within fourteen days after the demand, then such failure or refusal shall be treated as a tender of no money for any purpose under this article").

To determine a reasonable attorneys' fee, the court must calculate a "lodestar figure" by multiplying a reasonable hourly rate by the hours reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). Counsel should exercise "billing judgment" prior to submitting a fee request to eliminate any needless, excessive, or redundant hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Factors used to determine a fee's reasonableness include "the complexity of the case, the number of reasonable strategies pursued, . . . the responses necessitated by the maneuvering of the other side," any potential duplicative services, and whether the

hours would "normally be billed to a paying client." *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983). A court may use its discretion to fashion an award of attorneys' fees it deems appropriate where counsel requests payment for hours other than those reasonably expended. *Id.* at 554-55.

Plaintiffs request attorneys' fees at a rate of $250.00 per hour for the work of two attorneys, Alexander Hood and Andrew Schmidt. (ECF No. 34-1.) Counsel billed 29 hours on this matter, bringing the total fee award to $7,250.00. (Id. at 5.) The Court finds that the hourly rate and time expended on this matter are reasonable, and that counsel exercised proper billing judgment before submitting their fee request. The Court therefore awards Plaintiffs the full fee award of $7,250.00.

Plaintiffs are also entitled to their costs under the CWCA. Colo. Rev. Stat. § 8-4-110(1). Plaintiffs expended $400.00 for the filing fee in this matter and $135.00 associated with service of process on Defendants, which totals $535.00. (ECF No. 34-1 at 5.) This amount is reasonable and the Court therefore awards Plaintiffs $535.00 in costs.

For the reasons set forth above, the Court ORDERS that Plaintiffs' Motion for Attorney's Fees and Costs (ECF No. 34) is GRANTED and the Clerk of the Court shall enter judgment against Defendants jointly and severally in favor of Plaintiffs in the amount of $7,250.00 in attorneys' fees and $535.00 in costs.

Dated this 21st day of April, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge
