**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-2415-WJM-KMT

WILLIAM EVANS, and
JEFFREY THAYER,

    Plaintiffs,

v.

LOVELAND AUTOMOTIVE INVESTMENTS, INC.,
JOHN RICHARD PIPE d/b/a LOVELAND AUTO TRANSPORT, and
PIPELINE AUTO TRANSPORT, INC.,

    Defendants.

---

**ORDER DENYING MOTION TO RECALCULATE JUDGMENT AND FOR
ATTORNEYS' FEES ON APPEAL**

---

Before the Court is Plaintiffs' Motion to Recalculate Judgment and for Additional Attorneys' Fees for Successful Appeal. (ECF No. 45.) All Defendants remain in default (*see* ECF Nos. 27, 32, 33), and no response from Defendants was otherwise received.

For the reasons explained below, the Court will not recalculate or otherwise modify its previously entered Judgment (ECF No. 33) because: (a) the Tenth Circuit's mandate forecloses the possibility of awarding both liquidated damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and prejudgment interest under the Colorado Wage Claim Act (CWCA), Colo. Rev. Stat. §§ 8-4-101 *et seq.*; and (b) awarding FLSA liquidated damages instead of CWCA prejudgment interest would leave Plaintiffs with less money than awarded in the Judgment as it currently stands. In addition, the Court may not grant attorneys' fees for the appeal because Evans did not

Case 1:13-cv-02415-WJM-KMT   Document 46   Filed 03/30/16   USDC Colorado   Page 2 of 7

request them from the Tenth Circuit.

## I.  BACKGROUND & PROCEDURAL HISTORY

Plaintiffs brought to this action against Defendants for unpaid wages under theories of breach of contract, violation of the FLSA and CWCA, and (with respect to Plaintiff Thayer) violation of Colorado's dishonored check statute.  (ECF No. 1.)  Defendants failed to enter an appearance and the Clerk entered default against them.  (*See* ECF No. 27.)  Plaintiffs then moved for summary judgment (ECF No. 31), which this Court interpreted as a motion for default judgment (*see* ECF No. 32 at 4).  The Court found that Plaintiffs had established liability on all of their statutory theories of relief.  (*Id.* at 7–10.)

As for damages, the Court concluded that awarding damages under both the FLSA and CWCA would constitute double recovery, and so the Court awarded only CWCA damages because, under the circumstances, the CWCA allowed for a greater recovery—actual unpaid wages—as compared to the FLSA, which calculates actual damages by multiplying uncompensated hours by the federal minimum wage.  (*Id.* at 11.)  The Court also awarded the CWCA-authorized 125% penalty on the unpaid wages, prejudgment interest of 8% on the unpaid wages, and postjudgment interest at the federal statutory rate.  (*Id.* at 12, 13–14, 15.)  The Judgment accordingly followed.  (ECF No. 33.)

In electing to award Plaintiffs CWCA damages but not FLSA damages, the Court did not specifically discuss FLSA *liquidated* damages, which the FLSA awards as "an additional equal amount" (*i.e.*, an amount equal to actual damages).  29 U.S.C.

§ 216(b). Nor did the Court discuss whether FLSA liquidated damages could be awarded alongside the CWCA 125% penalty. The Court simply stated that it would award damages under the CWCA, not the FLSA. (ECF No. 32 at 11.)

Plaintiff Evans (but not Thayer) appealed to the Tenth Circuit, challenging the implied denial of FLSA liquidated damages. (ECF No. 35.) Evans acknowledged that he could not recover actual damages (the unpaid wages themselves) under both the CWCA and the FLSA, but argued that FLSA liquidated damages could be awarded alongside the CWCA penalty because FLSA liquidated damages are considered compensatory (essentially a rough approximation of consequential damages) whereas the CWCA penalty is designed as a deterrent to the employer. (*See Evans v. Loveland Auto. Invs., Inc. et al.*, No. 15-1049 (10th Cir.), Brief of Appellant William Evans at 4–11 (filed May 6, 2015).)

In an unpublished order and judgment, the Tenth Circuit agreed with Evans and held that this Court could award FLSA liquidated damages in addition to the CWCA penalty. (ECF No. 42 at 4–6.) The Tenth Circuit went further, however, and noted that FLSA liquidated damages and prejudgment interest cannot coexist:

> [L]ike FLSA liquidated damages, prejudgment interest also is meant to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment. Thus, on remand, if the district court awards FLSA liquidated damages it must vacate its award of prejudgment interest.
>
> Therefore, we remand to the district court to recalculate the amount of damages in light of our determination that it is permissible for the court to award both FLSA liquidated damages and a CWCA penalty. If the court awards FLSA liquidated damages, it must vacate the award of prejudgment interest.

(*Id.* at 6–7 (internal quotation marks and citations omitted).)

Following issuance of the mandate, this Court ordered Plaintiff Evans to file a motion stating the amount of damages to which he believed he was entitled in light of the Tenth Circuit's disposition. (ECF No. 44.) Evans—and Thayer—timely filed such a motion, which is the motion at issue here. (ECF No. 45.)

## II. ANALYSIS

Although both Evans and Thayer move for recalculation, the Court will first focus on Evans and then address whether Thayer is entitled to any relief.

### A.     Liquidated Damages & Prejudgment Interest

Evans requests the same amount of FLSA liquidated damages he requested before the appeal: $725. (*Compare* ECF No. 31 at 17 *with* ECF No. 45 at 3.) Rather surprisingly, however, Evans asks for that amount *plus* prejudgment interest, offering a creative interpretation of the Tenth Circuit's order:

> The Tenth Circuit also held that "[i]f the court awards FLSA liquidated damages, it must vacate the award of prejudgment interest." Doc. 42 at 6-7 (citing *Dep't of Labor v. City of Sapulpa*, 30 F.3d 1285, 1290 (10th Cir. 1994)). Though perhaps not entirely clear from the Tenth Circuit order, *City of Sapulpa* discusses prejudgment interest on FLSA actual damages. The award of FLSA liquidated damages should not affect the availability of prejudgment interest for actual damages on other claims. Because here the only actual damages awarded are under the Colorado Wage Claim Act, not the FLSA, prejudgment interest on the actual damages should be permitted as originally envisioned by the Court.

(ECF No. 45 at 2.) Whether or not this distinction is relevant, it is "entirely clear" that this Court would be contradicting the Tenth Circuit's mandate if it entered an amended

judgment that includes both the current prejudgment interest award and FLSA liquidated damages.

A district court must "comply strictly with the mandate rendered by the reviewing court," particularly where the reviewing court has "issued a mandate that specifically limits the district court's discretion." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132–33 (10th Cir. 2001). That is the case here. The Tenth Circuit explicitly directed, "If the court awards FLSA liquidated damages, it must vacate the award of prejudgment interest." (ECF No. 42 at 7.) The definite article "the" can only refer to the prejudgment interest awarded in the Judgment as it currently stands, which is prejudgment interest on the unpaid wages awarded as actual damages under the CWCA. (*See* ECF No. 32 at 13–15; ECF No. 33.) Accordingly, the Tenth Circuit permitted this Court to choose only one of two options: (a) FLSA liquidated damages, or (b) the previously entered award of prejudgment interest, but not both. If Evans believes the Tenth Circuit erred in extending its order this far, Evans should have moved for rehearing in the Tenth Circuit. Evans did not do so, the mandate issued, and this Court is now bound to follow it.

The Court previously found Evans entitled to compensation in the form of prejudgment interest, and presumes that Evans desires more money, not less. The Court accordingly elects to maintain the Judgment as-is, with its award of prejudgment interest and not FLSA liquidated damages, because Evans received $1,077.18 in prejudgment interest (*see* ECF No. 33 at 1), but would only receive $725 in FLSA liquidated damages.

**B.     Recalculation of Prejudgment Interest**

Evans further requests that the Court extend the 8% prejudgment interest rate all the way through the amended judgment that he expects to receive.  (ECF No. 45 at 3.)  As just explained, however, the Court will not enter an amended judgment.  The Tenth Circuit never vacated the current Judgment, and this Court has chosen to leave the Judgment undisturbed because, given the options presented by the Tenth Circuit, Evans would receive more money in that posture than if the Court instead awarded FLSA liquidated damages.  Thus, Evans's request for recalculation of prejudgment interest is moot and the Court expresses no opinion on its merits.

**C.     Attorneys' Fees on Appeal**

"The court in [any action to recover wages under the FLSA] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ."  29 U.S.C. § 216(b).  Citing this statute, Evans requests attorneys' fees incurred on appeal.  (ECF No. 45 at 2–3.)

This Court has reviewed Evans's appellate brief and has found no request for attorneys' fees.  More importantly, neither the Tenth Circuit's order nor its mandate say anything about attorneys' fees on appeal.  Thus, any order from this Court awarding attorneys' fees on appeal would be a modification of the Tenth Circuit's mandate, and this Court obviously has no authority to modify the mandate.  *See Marcum v. Dahl*, 535 F. Supp. 48, 49–50 (W.D. Okla. 1981) ("An award of attorneys' fees and expenses by this Court as requested by the Motion under consideration would be an amendment to or alteration of the Judgment of the Court of Appeals and not the Judgment of this

Court. Only the Court of Appeals may amend or alter its Judgment."). Evans cites no authority to the contrary. Evans's request for attorneys' fees is accordingly denied.

**D.     Thayer**

Although Thayer never appealed, he requests that he receive all of the same relief as Evans. In support, he generically invokes Federal Rule of Civil Procedure 60 and the notion of an intervening change in law. (ECF No. 45 at 2.) The Court deems this argument moot because Thayer, like Evans, would receive less compensation if the Court awarded FLSA liquidated damages ($507, as opposed to $939.19 in prejudgment interest), and the Court has already determined that it will not elect a course of action that leaves a plaintiff with less compensation than originally awarded. Moreover, the Court cannot possibly see how Thayer is entitled to attorneys' fees on appeal when he did not appeal.

### III.  CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Recalculate Judgment and for Additional Attorneys' Fees for Successful Appeal (ECF No. 45) is DENIED.

Dated this 30th day of March, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge

7