IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 13-cv-02415-WJM-KMT

WILLIAM EVANS; and
JEFFREY THAYER

    Plaintiffs,

v.

LOVELAND AUTOMOTIVE INVESTMENTS, INC;
JOHN RICHARD PIPE D.B.A. LOVELAND AUTO TRANSPORT; and
PIPELINE AUTO TRANSPORT, INC.

    Defendants.

## NOTICE OF PLAINTIFF EVANS' BANKRUPTCY PROCEEDING

On 3/30/2016, the Court denied Plaintiffs' motion to recalculate damages following a successful appeal by Plaintiff Evans. ECF Doc. 46. After filing that Motion, Plaintiffs' counsel learned that Mr. Evans had filed for bankruptcy and that his claim in this case became a part of the bankruptcy estate.[1] *See* 15-bk-23751. Because Mr. Evans is the Plaintiff, not the Defendant, in this action, his bankruptcy does not automatically stay this case. However, the bankruptcy estate now holds Mr. Evans' claims in this case. And because Plaintiffs' counsel is retained by Mr. Evans, not the bankruptcy estate, it is impossible for Plaintiffs' counsel to further prosecute Mr. Evans' claims unless and until the claims are released by the estate back to Mr. Evans.

---

[1] Though not entirely clear, it appears that Mr. Evans' failed to understand his claim in this case as an asset when he originally filed for bankruptcy in December 2015. That error was corrected in a supplemental bankruptcy filing in February 2016, after the filing of the motion to recalculate damages in this case.

Since learning of the bankruptcy, Plaintiffs' counsel has been in communication with both Mr. Evans' bankruptcy attorney and the attorney representing the estate. Through these communications, Plaintiffs' counsel learned that Mr. Evans' was discharged from bankruptcy on 4/19/2016, but that the estate has not abandoned, and thus still holds, Mr. Evans' claims in this case. Plaintiffs' counsel has made repeated efforts to ascertain the estate's intentions with regard to the claims, but has received no clear response. What is certain is, as of the date of the notice, the estate still holds the claims. Therefore, Plaintiffs' counsel is unable to file a revised motion to recalculate damages[2] or otherwise further prosecute this case on behalf of Mr. Evans.

In the hopes that the estate will abandon Mr. Evans' claims, and in order to preserve Mr. Evans' rights if that occurs, Plaintiffs' counsel is not withdrawing from representation of Mr. Evans.

Finally, with regard to the second Plaintiff, Mr. Thayer, Plaintiffs' counsel's understanding is that Mr. Evans' appeal had no effect on the judgment entered for Mr. Thayer and against the Defendants. Therefore, Mr. Thayer's case is fully resolved with the exception of collections.

Dated: 7/28/2016

Respectfully Submitted,

---

[2] Because Plaintiff Evans' judgment was vacated by the appeal and because Plaintiffs' motion to recalculate damages was denied, there is currently no judgment for Mr. Evans' claims in this case. The Court rightly denied Plaintiffs' motion to recalculate damages because Plaintiff Evans mistakenly requested both pre-judgment interest and FLSA liquidated damages on the entirety of the damages award. However, Plaintiff Evans believes the Court was mistaken to not permit pre-judgment interest on the non-FLSA portion of the award and, but for the bankruptcy, would have briefed this issue in a subsequent motion and would have requested entry of a judgment.

s/Alexander Hood
Alexander Hood
Towards Justice
1535 High Street, Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorney for the Plaintiff

**The Plaintiffs are not serving this Motion on the Defendants because they are in default.** *See* **F.R.C.P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.").**